**E-FILED**
Friday, 05 April, 2013 03:15:32 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) |
| | ) Case No. 12-CR-20008 |
| v. | ) |
| **NOE SANCHEZ, a.k.a.** | ) |
| **EPIMENIO SANCHEZ GONZALES** | ) |
| and | ) |
| **MANUEL GONZALES,** | ) |
| Defendants. | ) |

**OPINION**

This case is before the court for a ruling on the Government's Notice of Conflict of Interest and Request for a Hearing (#28). The Government's request for a hearing is GRANTED. Insofar as the Government's request may be construed as a Motion to Disqualify or a Motion to Sever, those requests are DENIED as premature.

**Background**

On January 19, 2012, Defendants Noe Sanchez and Manuel Gonzales were indicted on one count each of (1) conspiracy to manufacture and possess 1,000 or more marijuana plants, with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(vii); (2) possession of 1,000 or more marijuana plants, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(l)(A)(vii); (3) knowingly possessing a firearm while being aliens, illegally and

unlawfully in the United States, in violation of 18 U.S.C. § 922(g)(5); and (4) knowingly possessing a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Further, Defendant Noe Sanchez was also individually indicted on one count of being an alien previously deported from the United States, subsequent to a conviction for commission of an aggravated felony, found in the United States having intentionally entered the United States and not having obtained the express consent of the Attorney General or the Secretary of Homeland Security to reapply for admission, in violation of 8 U.S.C. § 1326(a) and (b)(2).

On January 26, 2012, Magistrate Judge David G. Bernthal held a hearing with Defendant Sanchez and Defendant Gonzales present. The court found both defendants qualified for court-appointed counsel. AFPD John Taylor was appointed lead counsel, and CJA counsel Elisabeth Pollock was appointed for Defendant Gonzales. On July 17, 2012, Attorney Pollock filed a motion to withdraw. Attorney Pollock previously was in private practice, but indicated that she would be accepting a position at the Federal Public Defender's Office soon. Attorney Pollock argued that her continued representation of Defendant Gonzales would constitute a conflict of interest because the Federal Public Defender's Office represented Defendant Gonzales's co-defendant, Noe Sanchez. This court granted that motion to withdraw on July 25, 2012, and CJA counsel Bruce Ratcliffe was appointed to represent Defendant Gonzales. On November 6, 2012, AFPD Peter Henderson filed a notice that he was substituting for AFPD John Taylor.

On February 25, 2013, motions were filed to substitute Attorney Michael J. Thompson for both AFPD Peter Henderson and CJA counsel Bruce Ratcliffe. Those motions were granted, permitting Attorney Thompson to represent both Defendant Sanchez and Defendant Gonzales.

On March 1, 2013, AUSA Elham Peirson filed a Notice of Conflict of Interest and

Request for a Hearing. On March 25, 2013, Defendants Sanchez and Gonzales filed their Response. On March 28, 2013, a hearing was held regarding the Notice of Conflict.

**Analysis**

The Sixth Amendment guarantees every criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). "Requiring or permitting a single attorney to represent codefendants, often referred to as joint representation, is not *per se* violative of constitutional guarantees of effective assistance of counsel." *Holloway v. Arkansas*, 435 U.S. 475, 482 (1978). However, "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). Thus, while there is a Sixth Amendment presumption in favor of a defendant's counsel of choice, the right to choose one's own counsel is not absolute, and, thus, the presumption may be overcome. *Id*. at 158-59, 164. Specifically, "a defendant's choice of counsel may be overridden and counsel may be disqualified where an actual conflict of interest or a serious potential for conflict exists." *United States v. Turner*, 651 F.3d 743, 749 (7th Cir. 2011) ("*Turner I*"). "[P]rejudice is presumed if the petitioner establishes both that his counsel had an actual conflict and that the conflict had an adverse effect on counsel's performance." *Hall v. United States*, 371 F.3d 969, 973 (7th Cir. 2004) (editing marks omitted). Thus, there must be both an actual conflict of interest and an adverse effect on the lawyer's performance. *Stoia v. United States*, 22 F.3d 766, 770 (7th Cir. 1994). In situations of joint representation, the mere possibility that either defendant will cooperate with the Government against the other does not amount to an actual conflict, nor is it, without more, a serious potential conflict justifying the

disqualification of either defendant's counsel of choice. *United States v. Turner*, 594 F.3d 946, 953 (7th Cir. 2010) ("*Turner II*").

Alternately, a conflict that amounts to a breach of the code of professional ethics "obviously qualifies" as an actual conflict of interest of the sort that allows the trial court to disqualify counsel regardless of a defendant's offer to waive. *Turner I*, 651 F.3d at 749. The Illinois Supreme Court rules addressing this situation are as follows:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>
> (4) each affected client gives informed consent.

Illinois Rules of Professional Conduct, Rule 1.7.

Therefore, because an actual conflict with an adverse effect has not developed, it would be premature to disqualify Attorney Thompson. Examples of actual conflicts that might arise here would be, among others, if: (1) one defendant has affirmatively chosen to cooperate with the Government against the other, with a plea agreement requiring testimony against his co-

defendant;[1] or (2) both defendants have chosen to go to trial as co-defendants in the same trial, with the likely possibility that statements of one defendant will be used to exculpate himself while inculpating his co-defendants;[2] or (3) one co-defendant was encouraged not to testify because it would be harmful for the other;[3] (4) or defense counsel chose a less effective defense strategy than had he represented only one defendant.[4,5] None of those scenarios has been presented at this stage of the proceedings.

This scenario creates, to some degree, an unusual dilemma.[6] If both co-defendants choose to hold out and not cooperate with the Government, they may jointly have a lowered combined attorney's fee, although they both give up the benefit of a plea bargain and acceptance of responsibility. But if one defects and cooperates with the Government, he may gain the benefits of a plea bargain, and his personal responsibility for attorney's fees may decrease as he has a reduced need for extensive additional counsel. And if both cooperate with the Government, both retain the benefits of cooperation, both have reduced attorney's fees, but both also give up the opportunity for trial. It appears that both co-defendants participating in a cooperation agreement results in the most efficient outcome, with the loss of a trial the only casualty. This means that if one party defects and cooperates, the other party is under great pressure to also cooperate.

Similarly, on the other side of the table, the attorney himself has an incentive to either discourage both co-defendants from defecting or encourage both to cooperate, since as long as one and only one co-defendant defects, the attorney will no longer be permitted to represent both defendants, and his fee will be commensurately lowered.

Whenever joint representation occurs, Federal Rule of Criminal Procedure 44(c) requires

---

[1] *E.g., Gonzales v. Mize*, 565 F.3d 373, 384 (7th Cir. 2009).
[2] *E.g., U. S. ex rel. Williams v. Franzen*, 687 F.2d 944, 949 (7th Cir. 1982).
[3] *E.g.*, *Castillo v. United States*, 34 F.3d 443, 446 (7th Cir. 1994).
[4] *E.g., Griffin v. McVicar*, 84 F.3d 880, 888 (7th Cir. 1996).
[5] *See generally* Allan L. Schwartz, Circumstances giving rise to conflict of interest between or among criminal codefendants precluding representation by same counsel, 34 A.L.R.3d 470.
[6] *See* http://en.wikipedia.org/wiki/Prisoner's_dilemma.

the court to promptly inquire about the propriety of that representation. In a prior hearing held on March 28, 2013, this court heard argument from AUSA Elham Peirson and from defense counsel Attorney Michael Thompson. Following that argument, this court now finds that the Government has not provided any facts suggesting there will be an actual conflict of interest from the joint representation at this time.

Rule 44(c) further requires this court to personally advise both defendants of the right to the effective assistance of counsel, including separate representation. A hearing is scheduled for May 3, 2013, at 9:00am, during which the court will advise both defendants. Accordingly, because any finding of an actual conflict of interest and adverse effect is premature, and the potential for a conflict may never ripen into an actual conflict, this court finds that there is no reason, at this time, to enter any orders relative to the joint representation of Defendants Sanchez and Gonzales. Further, because the potential of a conflict of interest is readily apparent, this court finds that the Government's Notice of Conflict was not frivolous and expressly permits the Government the opportunity to file a second or successive Notice of Conflict, or a Motion to Disqualify or Sever Trial should the facts ripen into an actual conflict of interest causing an adverse effect on the representation of either defendant.

IT IS THEREFORE ORDERED THAT:

(1) The Government's Request for a Hearing is GRANTED.

(2) A hearing is scheduled for May 3, 2013, at 9:00am, during which this court will advise both defendants of the right to the effective assistance of counsel, including separate representation.

ENTERED this 5th day of April, 2013

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE